JUDGE FORREST

Raymond A. Connell, Esq.
132 Nassau Street,
Suite 900
New York, New York 10038
(212) 233-0440
Attorneys for Plaintiff
Triodetic Inc.

**12 CIV 6348**

RECEIVED
AUG 20 2012
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRIODETIC INC.,

                         Plaintiff,

            12 Civ

       - against –

STATUE OF LIBERTY VI, LLC,
STATUE CRUISES, LLC, and the
M/V HORNBLOWER HYBRID, in rem.

**VERIFIED COMPLAINT**

                        Defendants.

----------------------------------------------------------------X

    Plaintiff Triodetic Inc., ("Triodetic") for its Verified Complaint against M.V. HORNBLOWER HYBRID, in rem, and against Statue of Liberty VI LLC and Statue Cruises, LLC, in personam, alleges upon information and belief:

    **FIRST:** This is a case within the Admiralty jurisdiction of this court, and it concerns maritime claims within the meaning of Rule 9(h), F.R.Civ.P.

    **SECOND:** Plaintiff Triodetic is a domestic corporation with its principal place of business at 4465 East Genessee Street, Syracuse, New York. Among

other things, it designs and fabricates glasswork for installation on board vessels operating in waters of the United States.

**THIRD:** Defendant Statue of Liberty VI ("Owner") is a Delaware limited liability company with an office at One Audrey Zapp Drive, Jersey City, New Jersey 07305, and it is believed to be Owner of HORNBLOWER HYRID ex STATUE OF LIBERTY VI ("the Vessel").

**FOURTH:** Defendant Statue Cruises LLC is a limited liability company formed under the laws of the State of Delaware doing business at One Audrey Zapp Drive, Jersey City, New Jersey 07305, and it is believed to be managing agent for Owner and the Vessel which is operated serving tourists in New York harbor.

**FIFTH:** Derecktor Shipyards Conn. LLC ("Derecktor") is a limited liability company formed under the laws of the State of Delaware doing business at 837 Seaview Avenue, Bridgeport, Connecticut 06607, and it is engaged in the business of ship repair.

**SIXTH:** The Vessel is presently being operated within the Southern District of New York.

**SEVENTH:** On or about August, 2009, Derecktor, acting on authority of Owner, contacted plaintiff Triodetic to determine whether Triodetic would service the Vessel by designing, fabricating, and installing on board the Vessel glasswork and a "walkway truss" ("the Glass Project").

**EIGHTH:** In early August, 2009, representatives of Triodetic attended a meeting, also attended by representatives of Derecktor, and of Owner, whereat the Glass Project was discussed, and Triodetic explained its plan for design and fabrication, and its capability for doing the same. It was agreed the Glass Project would go forward with Triodetic as the party accepted to work with Owner's engineers and consultants on the design, fabrication, and installation of the glasswork.

**NINTH:** During the period August, 2009 to December, 2010 Triodetic worked closely with Owners' engineers, and consultant (DeJong & Lebet) on the design and fabrication of the glasswork.

**TENTH:** On November 4, 2010 by Vessel Repair Agreement ("VRA") between Owner and Statue Cruises LLC, and Derecktor (as "Contractor"), Derecktor agreed to drydock and perform certain repairs to the Vessel at Derecktor's shipyard. VRA C1.2(c) provided: "The Contractor may employ subcontractors to perform any of the Services."

**ELEVENTH:** Derecktor Purchase Order #4452C dated December 16, 2010 confirmed the Glass Project would be performed by Triodetic in consideration of the following Payment Terms:

| | |
|---|---|
| $  50,000.00 | 10% downpayment with Purchase Order |
| $125,000.00 | upon receipt of glass for project in Triodetic's plant and evidence by means of delivery slips and photos. |
| $125,000.00 | prior to shipping from Triodetic's plant all steel components to Derector's shipyard. |

3

| | |
|---|---|
| $ 80,500.00 | 30 days after delivery of goods to Derector. |
| $141,765.00 | Installation progress payments on 15 day cycle. |
| $522,265.00 | TOTAL |

**TWELFTH:** On or about February 16, 2011 U.S. Coast Guard approval for the Glass Project was received; Triodetic then provided a preliminary production schedule; and, from April 14, 2011 to June 3, 2011 Triodetic delivered materials for installation on board the Vessel, with payment for Triodetic's Second Invoice ($125,000) coming directly from Statue Cruises.

**THIRTEENTH:** On June 30, 2011 work stopped, apparently as a consequence for a dispute between Statue Cruises and Derecktor.

**FOURTEENTH:** All materials had been delivered, and Triodetic made request for payment of its Third Invoice ($125,000), but it soon became evident Statue Cruises would make no further payment.

**FIFTEENTH:** Triodetic was informed that with Statue Cruises managing, and Derecktor providing the labor, the Glass Project was being completed by installation on board the Vessel of glasswork and materials which had been delivered by Triodetic, but which had not been paid for.

**SIXTEENTH:** As a consequence of change orders, and adjustments the original contract price was reduced to $421,135, which, less payments received, including the payment of $125,000 received from Statue Cruises, the

4

principal amount due Triodetic for design, fabrication, and delivery of materials installed on the Vessel is $234,735.00.

I

AS AND FOR ITS IN REM CLAIM
AGAINST THE VESSEL, PLAINTIFF
TRIODETIC ALLEGES:

**SEVENTEENTH:** Section 31342 U.S.C., Title 46, provides:

> ...a person providing necessaries to a vessel on the order of the owner or person authorized by owner.
>
> (1) has a maritime lien on the vessel;
>
> (2) may bring a civil action *in rem* to enforce the lien;
>
> (3) is not required to allege or prove in the action that credit was given to the vessel...

**EIGHTEENTH:** Plaintiff Triodetic provided necessaries to the Vessel "on the order of the owner or person authorized by the owner", and plaintiff Triodetic has a material lien against the Vessel pursuant to §31342 U.S.C. Title 46, and it is entitled to judgment against the Vessel, for all amounts due for the design, fabrication, delivery, and installation of glasswork and associated products on board the Vessel, and plaintiff Triodetic may enforce said lien by an action *in rem*.

5

II

AS AND FOR ITS FIRST CLAIM AGAINST
DEFENDANTS STATUE OF LIBERTY VI
LLC AND STATUE CRUISES LLC,
PLAINTIFF TRIODETIC ALLEGES.

**NINTEENTH:** By their use of materials designed, fabricated and delivered by plaintiff Triodetic, and installing the same on the Vessel, all without approval from, or payment to, Triodetic, defendants Statue of Liberty VI LLC and Statue Cruises, have been unjustly enriched, and plaintiff Triodetic is entitled to recover against these defendants for the value of the materials so used measured by the price at which Triodetic had agreed to provide said materials.

III

AS AND FOR ITS SECOND CLAIM AGAINST
DEFENDANTS STATUE OF LIBERTY VI LLC
AND STATUE CRUISES LLC, PLAINTIFF
TRIODETIC ALLEGES:

**TWENTY:** Plaintiff repeats the allegation of ¶¶ to NINETEENTH above.

**TWENTY-ONE:** By their unauthorized use and installation of the glasswork and associated products designed, fabricated and delivered by plaintiff Triodetic, defendants Statue of Liberty VI LLC, and Statue Cruises LLC converted the same, and must account to Triodetic for their value.

WHEREFORE the Plaintiff Triodetic, Inc. prays:

1. that this court direct the Clerk issue a Warrant of Arrest for defendant HORNBLOWER HYBRID, her boilers engines, tackle, appurtenances,

etc. *in rem,* pursuant to Supplemental Rule C, F.R.Civ.P., and all persons claiming any title or right to the Vessel be cited to appear and answer under oath the allegations of this Complaint;

2. that plaintiff Triodetic have judgment against HORNBLOWER HYBRID and her boilers, engines, tackle, apparel, fixtures, furnishings, equipment, and appurtenances, *in rem,* in the principal amount of $234,735.00, together with interest, costs, and reasonable attorneys' fees;

3. that the U.S. Marshall for the Southern District of New York arrest HORNBLOWER HYBRID and hold it for sale;

4. that plaintiff Triodetic have judgment against defendants Statue of Liberty VI LLC, and Statue Cruises LLC, in quasi contract for unjust enrichment, and in conversion, in the principal amount of $234,735.00, together with interest, costs, and reasonable attorneys' fees; and,

**TWENTY-TWO:** that Plaintiff Triodetic have such other and further relief the court deems just and proper.

Dated: New York, New York
       August 20, 2012

Raymond A. Connell,
Attorneys for Plaintiff
Triodetic Inc.
Office and P.O. Address:
132 Nassau Street
New York, New York 10038
Tel. (212) 233-0440
Fax. (212) 233-2340
E-mail raconnell@mindspring.com

## VERIFICATION

Lynn Saunders declares:

1. I am the Chief Financial Officer of Triodetic Inc., plaintiff in this action, and have been duly authorized to make this verification on behalf of plaintiff.

2. I have read the foregoing complaint and know the contents thereof. The same is true to the best of my knowledge, information and belief.

3. The sources of my information and the grounds for my belief in the truth of the allegations of the aforementioned complaint are statements, contracts, agreements and records in the possession of plaintiff, its officers, attorneys and other agents, and information provided by the same.

I declare under the penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this August 13, 2012 at Arnprior ON, Canada

_____
Lynn Saunders

JUDGE FORREST

**12 CV 6348**

Raymond A. Connell, Esq.
132 Nassau Street,
Suite 900
New York, New York 10038
(212) 233-0440
Attorneys for Plaintiff
Triodetic Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRIODETIC INC.,

                        Plaintiff,

          12 Civ

   - against –

STATE OF LIBERTY VI, LLC,           **Rule 7.1 Statement**
STATUE CRUISES, LLC, and the
M/V HORNBLOWER HYBRID, in rem.           **ECF CASE**

                        Defendants.

------------------------------------------------------------X

      Pursuant to Federal Rule of Civil Procedure 7.1 (formerly Local General Rule 1.9) and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for plaintiff Triodetic, Inc. (a private non-governmental party) ("Triodetic") certifies Triodetic does not have a corporate parent, and no publicly held corporation owns 10% or more of its stock.

Dated: New York, New York
       August 20, 2012

_____
Raymond A. Connell, 9071
Attorneys for Plaintiff
Triodetic Inc.
Office and P.O. Address:
132 Nassau Street
New York, New York 10038
Tel. (212) 233-0440
Fax. (212) 233-2340
E-mail raconnell@mindspring.com